UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
MICHELLE L. BAXTER,              :
                                 :
         Plaintiff,              :     Civ. No. 13-7876 (RBK) (JS)
                                 :
    v.                           :     **OPINION**
                                 :
ATLANTIC CARE MAIN POMONA HOSPITAL, :
et al.,                          :
                                 :
         Defendants.             :
_____:

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff is a former involuntarily committed patient at the Atlantic Care Main Pomona Hospital in Pomona, New Jersey. She is proceeding *pro se* with a complaint filed pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794.

On December 16, 2014, the Court granted plaintiff's application to proceed *in forma pauperis* and ordered the Clerk to file the complaint. However, at that time, the complaint was not screened pursuant to 28 U.S.C. § 1915(e)(2)(B) in light of plaintiff's June 2, 2014 filing. That filing stated as follows, "Please take notice that I'm voluntary [sic] dismissing all civil litigation against Atlantic Care Main Pomona Hospital[.] I have not been coerced op[p]ress intimidate or inflicted. I dismiss all claims against this plaintiff." (Dkt. No. 2.) This Court noted that the June 2, 2014 filing could be read in one of two ways, it could be read as: (1) plaintiff's attempt to dismiss this action in its entirety as plaintiff stated in the letter that she wished to dismiss all of her claims "against this plaintiff"; or (2) plaintiff's attempt to only dismiss her claims against the Pomona Hospital. Plaintiff was given twenty-one days in which to clarify her June 2, 2014 filing. However, the Court noted that plaintiff's failure to file a response

2

within twenty-one days would be construed by the Court as plaintiff's indication that she wished to dismiss this action in its entirety against all of the defendants without prejudice.

To date, plaintiff has not filed a response to the Court's December 16, 2014 Memorandum and Order.  Therefore, the Court will construe plaintiff's lack of response as her intent to voluntarily dismiss this entire action.  Accordingly, the Court will dismiss this action without prejudice due to plaintiff's notice of voluntarily dismissal under Federal Rule of Civil Procedure 41(a).  An appropriate order will be filed.


DATED:   January 13, 2015

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
