UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
MICHELE BAXTER,                             :
                                            :
        Plaintiff,                          :    Civ. No. 13-7876 (RBK) (JS)
                                            :
    v.                                      :    **OPINION**
                                            :
ATLANTIC CARE MAIN POMONA HOSPITAL,         :
et al.,                                     :
        Defendants.                         :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

I.      PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, Michele Baxter, is a former involuntarily committed patient at the Atlantic Care Main Pomona Hospital in Pomona, New Jersey. She was proceeding *pro se* with a complaint filed pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794. She submitted her original complaint to this Court in December, 2013. Her original complaint centered on the circumstances of her placement and care she received while at the Atlantic Care Main Pomona Hospital in December, 2013.

In a June 2, 2014 filing, Ms. Baxter stated as follows: "Please take notice that I'm voluntary [sic] dismissing all civil litigation against Atlantic Care Main Pomona Hospital[.] I have not been coerced op[p]ress intimidate or inflicted. I dismiss all claims against this plaintiff." (Dkt. No. 2.). The Court noted that the June 2, 2014 filing could be read in one of two ways, specifically: (1) plaintiff's attempt to dismiss this action in its entirety as plaintiff stated in the letter that she wished to dismiss all of her claims "against this plaintiff"; or (2) plaintiff's attempt to only dismiss her claims against the Pomona Hospital. Ms. Baxter was given twenty-one days from the Court's December 16, 2014 Order in which clarify her June 2,

2014 filing. However, this Court noted that Ms. Baxter's failure to file a clarification response within twenty-one days would be construed by the Court as her indication that she wished to dismiss the action in its entirety against all of the defendants without prejudice.

After Ms. Baxter did not file a clarification response within twenty-one days, the Court construed her June 2, 2014 filing as her intent to voluntarily dismiss this entire action per the dictates of the December 16, 2014 Order. Thus, on January 13, 2015, this action was dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a) due to plaintiff's notice of voluntarily dismissal. (*See* Dkt. Nos. 4 & 5.)

On February 2, 2015, this Court received an amended complaint that was filed in this case as well as in and two other civil cases, 14-4125, 14-4120. The proposed amended complaint is quite lengthy and raises a plethora of different issues, most of which are not related to the circumstances of Ms. Baxter's placement at the Pomona Hospital and the treatment she received therein in December, 2013. The proposed amended complaint was neither submitted nor signed by Ms. Baxter. Instead, it is only signed by Miguel Duran. Additionally, on February 13, 2015, the Court received a motion to reopen this case from Mr. Duran.

## II.     DISCUSSION

The Court will order the Clerk to reopen this action solely for the purposes of deciding whether this action should proceed in light of the February 2, 2015 and February 13, 2015 filings. For the following reasons, the motion to reopen will be denied.

First, the Court notes that after Ms. Baxter did not respond in time to the Court's December 16, 2014 Order, her June 2, 2014 filing was construed as a notice to voluntarily dismiss this entire action pursuant to Federal Rule of Civil Procedure 41(a). As this case was deemed voluntarily dismissed by Ms. Baxter pursuant to Rule 41(a), the proper procedure is to

require her to file a new civil action rather than reopen an action that was deemed voluntarily dismissed.  *See Great Am. Ins. Co. of N.Y. v. Day*, No. 12-2295, 2013 WL 254563, at *1 (D. Md. Jan. 22, 2013) (denying plaintiff's motion to reopen and requiring that a new action be filed where plaintiff previously filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (citing *Adams v. Lever Bros. Co.*, 874 F.2d 393, 395 (7th Cir. 1989)).

Second, this case was initially filed solely by Ms. Baxter as the *pro se* plaintiff.  However, the proposed amended complaint that was received by the Court was submitted by Miguel Duran, not Ms. Baxter.  There is no indication that Mr. Duran is an attorney.  As a non-attorney, he cannot litigate the rights of Ms. Baxter.  *See Murray v. Toal*, No. 14-1599, 2014 WL 4796426, at *2 (M.D. Pa. Sept. 26, 2014) ("[T]here is [a] . . . well established common law rule that non-attorneys cannot litigate the rights of others.") (citing *Collingsru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998)).[1]  This provides yet another reason why the requests to reopen should be denied.

Third, the proposed amended complaint was only signed by Mr. Duran.  However, for Ms. Baxter to proceed she would also have to sign the pleading.  *See Gary v. Albino*, No. 10-0886, 2010 WL 2546037, at *4 (D.N.J. June 21, 2010) ("Rule 11(a) of the Federal Rules of Civil Procedure requires each *pro se* plaintiff to sign every pleading, written motion, or other paper submitted to the Court with respect to his claims.").  Ms. Baxter has not signed the proposed amended complaint.  Accordingly, the complaint could not proceed with respect to her claims raised in the amended complaint as is anyway.[2]

---

[1] As the *Murray* Court noted, *Collingsru* was abrogated on other grounds by *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).
[2] Furthermore, the Court notes that Mr. Duran has never sought nor received *in forma pauperis* status in this case so as to permit the case to proceed for him under this specific civil action

For these reasons, the Court will deny the motion to reopen this case. Nevertheless, one final point deserves a brief mention. The proposed amended complaint contains a plethora of apparently unrelated issues and claims. As previously stated, the original complaint raised issues associated with Ms. Baxter's placement and subsequent care at the Pomona Hospital in December, 2013. However, in the proposed amended complaint that has been solely submitted by Mr. Duran (improperly for the reasons stated above), he also raises claims apparently unrelated to Ms. Baxter's placement and care at the Pomona Hospital. By way of example only, Mr. Duran includes allegations associated with a traffic stop by Tuckerton Police in April, 2013 as well as misuse of a GPS locator in March, 2014, amongst numerous unrelated other claims.

Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims it has against an opposing party." Federal Rule of Civil Procedure 20(a)(2) states as follows:

> Persons . . . may be joined in one action as defendants if:
>
> (A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrences; and
> (B) Any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).

> In actions involving multiple defendants Rule 20 operates independently of Rule 18. . . . Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all. If the requirements for joinder of parties have been satisfied, however, Rule 18 may be

---

number. *See Edmonds v. Carteret Police Dept.*, No. 10-2304, 2010 WL 4929279, at *2 (D.N.J. Nov. 30, 2010) ("Where multiple plaintiffs seek to proceed *in forma pauperis* . . . all plaintiffs must establish their inability to pay the filing fee.") (citing *Anderson v. State of California*, No. 10-2216, 2010 WL 4316996 (S.D. Cal. Oct. 27, 2010); *Darden v. Indymac Bancorp, Inc.* No. 09-2970, 2009 WL 5206637 (E.D. Cal. Dec. 23, 2009)).

>>invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.

7 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1655 (3d ed.). Rule 20's requirements are to be liberally construed in the interest of convenience and judicial economy. *See Paladino v. Newsome*, No. 12-2021, 2012 WL 3315571, at *5 (D.N.J. Aug. 13, 2012) (citing *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)). Nevertheless, this liberal application "is not a license to join unrelated claims and defendants in one lawsuit." *Id.* (citing *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007) (per curiam); *George*, 507 F.3d 605; *Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997)).

In this case, as previously explained, the proper procedure is for Ms. Baxter to file a new case rather than seeking to reopen this case that was previously deemed voluntarily dismissed. In any future case that Ms. Baxter (along with Mr. Duran) may elect to file, she is cautioned that her claims should comply with the requisite joinder rules outlined above as she cannot simply "lump" unrelated claims together in one action. *See McDaniel v. Lanigan*, No. 12-3834, 2012 WL 5880371, at *3 (D.N.J. Nov. 21, 2012) (finding that plaintiff cannot "lump" claims of limitations on commissary purchases, limitations on frequency of showers, lack of approval of meals by the U.S. Food and Drug Administration, denial of Halal food to Muslim prisoners, denial of kosher milk and glatt kosher means to Jewish inmates and bars on wearing tallits in a single pleading); *see also Miller v. Lanigan*, No. 12-4470, 2013 WL 1750138, at *2 (D.N.J. Apr. 23, 2013) (stating that a plaintiff cannot "lump" all his challenges into a single pleading where claims violate joinder rules set out in Federal Rules of Civil Procedure 18 and 20).

### III.     CONCLUSION

For the foregoing reasons, the motion to reopen this case is denied.  An appropriate order will be entered.


DATED:   February 17, 2015

<u>s/Robert B. Kugler</u>  
ROBERT B. KUGLER  
United States District Judge